UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CAPITOL SPECIALTY INSURANCE CORP. and JAMAICA QUEENS LLC,

                                          Plaintiffs,

  -against-

PELEUS INSURANCE COMPANY,

                                          Defendant.

**COMPLAINT FOR DECLARATORY RELIEF**

Civil Case No.: 1:25-cv-2228

---

Plaintiffs Capitol Specialty Insurance Corp. and Jamaica Queens LLC ("Plaintiffs") by their attorneys Gerber Ciano Kelly Brady LLP, seek a declaratory judgment against Defendant Peleus Insurance Company ("Defendant" or "Peleus") and upon information and belief, respectfully allege the following:

## NATURE OF THE ACTION

1. This declaratory judgment action arises out of an underlying personal injury action captioned as *Juan Gonzalez Mendez v. Jamaica Queens LLC., et al.* venued in Supreme Court of New York, Bronx County, under Index Number 810910/2021E ("Underlying Action").

2. The Underlying Plaintiff is seeking damages as a result of a fall from a ladder that occurred on or about March 11, 2021.

3. The Underlying Plaintiff alleges the named defendants, including Jamaica Queens, LLC violated New York's Labor Law and were negligent under New York common law.

4. Plaintiffs seek a declaration that Peleus is obligated to defend and indemnify Jamaica Queens LLC in response to the Underlying Action as Jamaica Queens LLC qualifies as an additional insured under a policy issued by Defendant.

## PARTIES

5. Plaintiff, Capitol Specialty Insurance Corp. is a foreign corporation authorized to transact business in the State of New York, with its principal place of business located in the State of Wisconsin.

6. Upon information and belief, Jamaica Queens LLC is a New York corporation organized and existing under the laws of the State of New York with is principal place of business located in New York.

7. Upon information and belief, Peleus Insurance Company is a foreign company authorized to transact business in the State of New York with its principal place of business located in the State of Texas.

## JURISDICTION AND VENUE

8. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1332 in that the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

9. Venue in this Judicial District is proper pursuant to 28 U.S.C. 1391(b)(2) as it is the Judicial District in which a substantial part of the events or omissions giving rise to the claim occurred.

## BACKGROUND FACTS

10. Jamaica Queens LLC is the owner of certain property identified as 143-02 Jamaica Avenue.

11. Jamaica Queens LLC retained Best Fitouts LLC by way of a Construction Contract dated January 23, 2020 to perform construction work at the identified premises ("Agreement").

12. Best Fitouts LLC was retained to serve as a General Contractor for construction work performed at the premises.

2

13. Best Fitouts LLC subsequently retained Magnetic Plumbing & Heating to serve as a plumbing subcontractor on the project.

14. Magnetic Plumbing & Heating was the Underlying Plaintiff's employer.

15. Pursuant to the terms and conditions of the Agreement, Best Fitouts LLC was required to procure additional insured coverage in favor of Jamaica Queens LLC.

16. Upon information and belief, at the time of the incident, Best Fitouts LLC was insured under a Commercial General Liability Policy issued by Peleus bearing policy number 600-GL-0184945-00 ("Peleus Policy").

17. Jamaica Queens LLC qualifies as an additional insured under the terms and conditions of the Peleus Policy.

18. On November 29, 2021, counsel for Jamaica Queens LLC requested Best Fitouts LLC defend and indemnify Jamaica Queens LLC in response to the Underlying Action.

19. By way of letter dated January 12, 2022, Peleus denied the tender stating there was "no proof" that the Underlying Plaintiff's accident was caused, in whole or in part, by Best Fitouts LLC's acts or omissions.

20. The January 12, 2022 letter fails to deny coverage and/or otherwise disclaim coverage under any policy condition, exclusion or endorsement.

21. By way of a letter dated January 27, 2023, Peleus subsequently denied defense and indemnity to Best Fitouts LLC and "anyone else seeking coverage."

22. Jamaica Queens LLC qualifies as an additional insured under the Peleus Policy and is entitled to defense and indemnity in response to the Underlying Action.

23. Peleus has failed to timely deny coverage waiving any potential defenses premised on a policy condition or exclusion.

24. Plaintiffs have, and will, continue to incur damages as a direct result of Defendant's wrongful failure to acknowledge and provide coverage pursuant to the terms and conditions of the Peleus policy.

25. Accordingly, a justiciable controversy exists between Plaintiffs and Defendant and this controversy is ripe for adjudication.

**COUNT I**

**DECLARATORY JUDGMENT AS AGAINST DEFENDANT**

26. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "25" above and incorporate them by references as if fully set forth herein.

27. The Agreement requires Best Fitouts LLC to name Jamaica Queens LLC an additional insured under the Peleus Policy on a primary and non-contributory basis.

28. Jamaica Queens LLC qualifies as additional insured under the Peleus Policy issued to Best Fitouts LLC.

29. The allegations asserted against Jamaica Queens LLC in the Underlying Action trigger Peleus' duty to defend Jamaica Queens LLC in response to the Underlying Action pursuant to the terms and conditions of the applicable Peleus Policy issued to Best Fitouts LLC.

30. Peleus' refusal to acknowledge the coverage owed is improper under the terms and conditions of the Peleus Policy.

31. Peleus has failed to comply with the terms and conditions of New York Insurance Law §3420 thereby waiving the option to deny coverage pursuant to any policy exclusion or condition.

32. Plaintiffs are entitled to a declaration that Peleus has a duty to defend and indemnify Jamaica Queens LLC in response to the Underlying Action.

33. Plaintiffs are also entitled to reimbursement of, and contribution to, any and all defense fees and costs incurred in defending Jamaica Queens LLC in the Underlying Action.

## COUNT II

## QUANTUM MERUIT/UNJUST ENRICHMENT AS AGAINST DEFENDANT

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "33" of this Complaint with the same force and effort as if fully set forth herein.

35. As a matter of law, the Peleus Policy issued to Best Fitouts LLC affords Jamaica Queens LLC coverage in response to the Underlying Action.

36. Because of Peleus' improper refusal to defend Jamaica Queens LLC in the Underlying Action, Capitol Specialty Insurance Corp. is required to continue to protect the interests of Jamaica Queens LLC, and in doing so, provide a defense in the Underlying Action.

37. Capitol Special Insurance Corp.'s continued contribution to the defense of Jamaica Queens LLC is made and necessitated solely as a product of Peleus' breach of its contractual obligation to defend Jamaica Queens LLC as required by the terms and conditions of the Agreement and the Peleus Policy.

38. As a result of the defense of Jamaica Queens LLC having been undertaken at the expense of Capitol Specialty Insurance Corp., Plaintiffs were required to fund all fees and costs because of Defendant's failure to do so. As such, Defendant has been unjustly enriched.

39. Accordingly, Plaintiffs are entitled to reimbursement of, and contribution to, any and all defense fees and costs incurred in defending Jamaica Queens LLC in the Underlying Action.

## COUNT III

## EQUITABLE SUBROGATION

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "39" of this Complaint with the same force and effort as if fully set forth herein.

41. Capitol Specialty Insurance Corp. is making significant payments to defend and resolve the claims asserted against Jamaica Queens LLC in the Underlying Action as a result of Peleus' failure to undertake a duty to defend Jamaica Queens LLC.

42. Because of Peleus' breach Capitol Specialty Insurance Corp. has incurred, and will continue to incur, defense expenses to protect the interests of Jamaica Queens LLC.

43. Capitol Specialty Insurance Corp. is subrogated to the rights of Jamaica Queens LLC and is entitled to recover from Peleus the amount incurred to provide a defense in response to the Underlying Action.

44. Accordingly, Capitol Specialty Insurance Corp. is entitled to a declaration that Peleus must reimburse all fees incurred in defending and/or indemnifying Jamaica Queens LLC pursuant to the principles of equitable subrogation.

## COUNT IV

## STATUTORY INTEREST

45. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "44" of this Complaint with the same force and effort as if fully set forth herein.

46. Peleus owed a duty to defend Jamaica Queens LLC upon receipt of the tender of its defense and indemnity.

47. Peleus' improper and baseless refusal to acknowledge the duties owed to its additional insured constitutes a breach of the terms and conditions of the Peleus Policy.

48. Plaintiffs are entitled to a judgment awarding reimbursement of all fees incurred in defending the Underlying Action, any judgment against, or settlement on behalf of Jamaica Queens LLC, as well as statutory interest.

**WHEREFORE**, Plaintiffs demand that a declaratory judgment be made and entered herein, adjudging and decreeing as follows:

(i) That Jamaica Queens LLC is entitled to defense and indemnity in response to the Underlying Action;

(ii) That the aforementioned Peleus Policy affords primary coverage to Jamaica Queens LLC on the claim of personal injuries and other claims arising therefrom, as alleged in the Underlying Action and that Peleus is therefore obligated to insure, defend and indemnify Jamaica Queens LLC in response to the Underlying Action without any contribution by Jamaica Queens LLC and/or Plaintiffs;

(iii) That the aforementioned Peleus Policy affords primary coverage to Jamaica Queens LLC on the claim of personal injuries and other claims arising therefrom, as alleged in the Underlying Action and that is not implicated until exhaustion of all coverage maintained by Best Fitouts LLC;

(iv) That Peleus is obligated to reimburse Plaintiffs for attorney's fees, costs, disbursements, and other expenses incurred in the defense of Jamaica Queens LLC in response to the Underlying Action plus statutory interest; and

(v) That Plaintiffs be granted such other, further, and different relief in the declaration of rights of the parties to this action as this Court may deem just, proper and equitable, including but not limited to attorney's fees costs and disbursements herein.

Dated: April 22, 2025
      Buffalo, New York

**GERBER CIANO KELLY BRADY LLP**

By: *s/ Brian R. Biggie*
Brian R. Biggie, Esq.
*Attorneys for Plaintiffs*
P.O. Box 1060
Buffalo, New York 14201
Tel.: (716) 313-2195
bbiggie@gerberciano.com